J. SAMET v. I. KLAFF, TRADING AS NORFOLK HIDE AND METAL COMPANY ET AL.

(Filed 27 April, 1921.)

**Contracts—Principal and Agent—Consideration—Expenses—Net Profits.**

Where the principal breaches his contract to compensate his agent employed upon a stated salary and expenses, and a part of the profits derived from the sale of junk, old rags, etc., the agent, as such, was to purchase, the word "profit" as used contemplates, nothing else appearing, the net profits after deducting the expenses.

APPEAL by defendants from *Ray, J.,* at October Term, 1920, of GUILFORD.

This is an action to recover of the defendant on account of a breach of contract for labor done, services performed, expenses incurred, profits earned, and money paid out by the plaintiff for the use of the defendant.

Complaint was duly filed, and in the answer there was a general denial. Later, with the consent of the court, an amended complaint was filed wherein the plaintiff alleged that he had made a special contract with the defendant to buy old junk, rags, rubber, iron castings, etc., and that the defendant agreed to pay to the plaintiff for said services the sum of thirty-five dollars ($35) per week, all traveling and

incidental expenses, and in addition thereto one-half (½) of the profits made on said articles bought by the plaintiff for the defendant.

An order of reference was entered, with directions to the referee to take and state an account between the parties and make a report to the court showing his findings of fact and conclusions of law.

The report was filed showing $2,261.30 to be due the plaintiff, of which $2,058.50 is profits.

The defendant filed exceptions to the report which were overruled, and judgment rendered in favor of the plaintiff, from which defendant appealed.

*Stern & Swift for plaintiff.*
*Cook & Smith and Fentress & Jerome for defendant.*

PER CURIAM. The contract as found by the referee is as follows:

1. That some time during July, 1918, plaintiff and defendant entered into a contract upon the terms of which plaintiff was to buy iron, rags, and other junk for defendant and defendant was to pay plaintiff thirty-five dollars ($35) per week, all traveling expenses, furnish plaintiff with an automobile, and in addition thereto account with and turn over to plaintiff one-half of all profits arising out of the junk bought by plaintiff.

It also appears from the report that the defendant is charged with one-half the difference between the cash price paid for the different articles bought by the plaintiff and shipped to the defendant and the market value, as profits, without making any deduction on account of freight and other expenses.

"Profit" implies without more, the gain resulting from the employment of capital, the excess of receipts over expenditures (3 Words and Ph., second series, 1251), and so understood the expenses must be deducted before the profits can be ascertained.

The cause is therefore remanded to the end that there may be a further hearing before the referee and a fuller report made.

Remanded.